By the Court, Bronson, J.
By the plea puis &c., the defendant admitted that the action was well founded at the first; and he ought not to have the posts which accrued while the plaintiffs were right and he was in the wrong. (Littleton v. Cross, 4 Barn. & Cress. 117. And see Smith v. Barse, 2 Hill, 387.) There is a strong analogy between cases of this kind and those wherp the plaintiff goes on with his action and gets defeated after the defendant has paid money into court. • In the latter, as the paying of the money into court is an admission that the plaintiff had a good cause of action at the first, the defendant is only entitled to the costs of the defence subsequent to the payment. (Aikins v. Colton, 3 Wend. 326.) The English pourts have not been uniform in their decisions upon this question. (Jeffs v. Smith, 4 Taunt. 196, and the cases collected in Grah. Prac. 536, 2d ed.) But with us the rule is settled that the defendant shall only have costs subsequent to the payment pf the money into court.
It is true that the plaintiffs have strangely gone on with the action after receiving the debt and cpsts ; but I think they have incurred no other penalty than that of paying the costs which have subsequently accrued, That is all the forfeiture which the law has attached to the prosecution of a groundless action.
From what time should the plaintiffs be charged with the costs of the defence 7 Should it be from the time of payment, or the time of pleading puis, which was nearly four years after^ wards 7 I think the plaintiffs should pay costs from the time the money was paid, After that there was no longer any cause of action; and the plaintiffs, or some one else for them, went on with full knowledgp that they were in the wrong. The defendant, during all thp four years, for causes Avhich are fully *507 explained in the papers, was wholly ignorant of the papnent, and was therefore not in fault for omitting to plead sooner.
There maybe cases where the costs should only be charged from the time of the plea, as where the defendant, with the knowledge that a new defence has arisen, chooses for a time to rest upon the issue already joined, and then pleads the new matter; or where the plaintiff either does not know of the new bar to the action, or has reason to suppose that the defendant does not intend to rely upon it. Such a question may pofesibly • arise where the defendant, after issue joined, obtains a discharge as a bankrupt, or an insolvent debtor. But here, the plaintiffs went on after they knew the debt was paid; and the defendant pleaded the payment immediately on being informed bf the fact. He is entitled to costs from the first day of April; 1837, the time when the payment was made. The charges for the defence which arose prior to that day mtist be deducted froto the bill as taxed.
Ordered accordingly;